UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RALPH HERNANDEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 2:23-cv-00293-MPB-MJD |
| ) | |
| FRANK VANIHEL, ) | |
| ) | |
| Respondent. ) | |

### ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING ENTRY OF FINAL JUDGMENT

Ralph Hernandez has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. [Filing No. 1.] He challenges a prison disciplinary proceeding in which he was found guilty of Offense 106, possession of dangerous/deadly contraband, and sanctioned with a 90-day loss of good-time credits (suspended, but later imposed) and the imposition of a one-step demotion in credit earning class, along with other non-custodial sanctions not relevant to this proceeding. [Filing No. 10-4.] For the reasons explained below, the disciplinary proceeding did not violate Mr. Hernandez's due process rights and his habeas petition is **DENIED**.

### I.
### LEGAL BACKGROUND

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and

present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II.
### FACTUAL BACKGROUND

On February 9, 2023, Correctional Officer J. Gallion wrote:

> On 2-9-2023 at the time listed above I, Correctional Officer J. Gallion was conducting targeted searches in GHU Left wing. As I was searching the maintenance cell chase areas, I discovered an approximately 8 inch piece of metal which was sharpened to a point on one end. The weapon was in the vent area and could still be accessed from within cell G-116. This cell housed Incarcerated Individuals Hernandez, Ralph #988362 and Hill, Shawn #242730. I immediately took the weapon to OII staff to submit it to evidence.

[Filing No. 10-1.] A Notice of Confiscated Property dated February 9, 2023 and with photographs attached states that the following property was confiscated from Mr. Hernandez: "approx. 8 inch piece of metal sharpened." [Filing No. 10-2.]

Mr. Hernandez was notified of the charge on February 16, 2023, when he received a copy of the Conduct Report and the Screening Report. [Filing No. 10-1; Filing No. 10-3.] He pled not guilty to the offense and did not request a lay advocate, any witnesses, or any physical evidence. [Filing No. 10-3.]

A hearing was held on February 22, 2023. [Filing No. 10-4.] Mr. Hernandez appeared at the hearing, pled not guilty, and provided the following statement: "I did not possess a weapon." [Filing No. 10-4.] The disciplinary hearing officer ("DHO") considered staff reports, physical evidence including the two photographs of the piece of metal, the Notice of Confiscated Property, and Mr. Hernandez's statement. [Filing No. 10-4.] The DHO concluded that Mr.

2

Hernandez was guilty of Offense 106, Possession of Dangerous/Deadly Contraband, writing "DHO believes [the Conduct Report] to be true and accurate. DHO took into account [the Conduct Report], offender statement, confiscation slip, [and] 2 pictures." [Filing No. 10-4.] Mr. Hernandez was sanctioned with a 90-day loss of good-time credits (suspended, but later imposed) and the imposition of a one-step demotion in credit earning class, along with other non-custodial sanctions not relevant to this proceeding. [Filing No. 10-4.]

Mr. Hernandez appealed to the Facility Head and the Indiana Department of Correction ("IDOC") Final Reviewing Authority, and both appeals were denied. [Filing No. 10-5; Filing No. 10-6; Filing No. 10-7.] He then brought this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Filing No. 1.]

### III.
#### ANALYSIS

Mr. Hernandez sets forth several arguments in his Petition which all relate to the sufficiency of the evidence. The Court addresses his arguments below.

Mr. Hernandez argues that before he moved into cell G-116 the cell "or chase area vent" had not been checked for contraband and "any contraband that was left by another prisoner months or years before, could potentially be used to charge another prisoner who is completely innocent of knowing that the contraband is there." [Filing No. 1 at 3.] He asserts that the contraband was found in the "maintenance chase area" and not in cell G-116, that "[o]nly the officers have access[ ] to that secured area," and that he did not have access to the area or the key needed to enter the area. [Filing No. 1 at 3.] Mr. Hernandez contends that both he and his cellmate, Mr. Hill, were charged and found guilty of possessing contraband and states "[h]ow

3

can two…prisoners be charged, and found guilty of one…piece of contraband? The same piece of contraband?" [Filing No. 1 at 3 (emphasis omitted).]

The Respondent argues that some evidence supported the DHO's finding of guilt, including that the vent where the weapon was found was within Mr. Hernandez's control because he could access it from his cell. [Filing No. 10 at 6-7.] The Respondent notes that although Mr. Hernandez claims that he could not have accessed the weapon from his cell, "[w]hether or not the holes in the vent are too small to retrieve the weapon, there must be a method to getting items into and out of the vent other than the small holes or else the weapon could not have been there." [Filing No. 10 at 7.] The Respondent argues further that two people can possess the same item and that the IDOC definition of possession does not require that the possession be knowing or intentional. [Filing No. 10 at 8.] As for Mr. Hernandez's argument that no one searched the cell before he moved in, the Respondent argues that "due process does not require evidence that logically precludes any conclusion but the one reached by the hearing officer." [Filing No. 10 at 8 (quotation and citation omitted).]

In his reply, Mr. Hernandez reiterates his arguments that he could not have accessed the weapon from his cell, that the area where the weapon could be accessed is locked. [Filing No. 15 at 4-6.] He also argues that he never had possession of a weapon, never had a weapon "in his qua[r]ters," never had a weapon in his locker, and never had a weapon under his physical control. [Filing No. 15 at 7.] He asserts that "there was no evidence pointing to his guilt." [Filing No. 15 at 8.]

In a prison disciplinary proceeding, the "hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary."

4

*Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56 (emphasis added); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.").

Under this standard, "courts 'are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.'" *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quoting *Hill*, 472 U.S. at 454); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) ("It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision."); *Ping v. McBride*, 888 F. Supp. 917, 922 (7th Cir. 1993) (stating that in a prison disciplinary case, it is not the proper function of the court "to reweigh conflicting evidence and to make credibility determinations") (citing *Viens v. Daniels*, 871 F.2d 1328 (7th Cir. 1989)).

Here, the Conduct Report, the Notice of Confiscated Property, and the two photographs of the metal piece constitute sufficient evidence to conclude that Mr. Hernandez possessed dangerous or deadly contraband. *McPherson*, 188 F.3d at 786 (Conduct Report "alone" can "provide[] 'some evidence' for the . . . decision"). Offense 106 prohibits "[p]ossession or use of any…dangerous or deadly weapon." [Filing No. 10-8 at 2.] The IDOC Disciplinary Code for Adult Offenders defines "Possession" as follows:

5

> On one's person, in one's quarters, in one's locker or under one's physical control. For the purposes of these procedures, an offender is presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing…that are under their control. Areas under an offender's control include, but are not limited to:…ventilation unit.

[Filing No. 10-9 at 6.]

Officer Gallion wrote in the Conduct Report that he discovered the metal piece in a vent area that could be accessed from within Mr. Hernandez's cell. [Filing No. 10-1.] The Notice of Confiscated Property reflects that the metal piece was confiscated, and the two photographs show the metal piece. [Filing No. 10-2.] The Conduct Report, the Notice of Confiscated Property, and the two photographs provide "some evidence" that Mr. Hernandez possessed dangerous or deadly contraband and committed Offense 106.

Mr. Hernandez's arguments are unavailing. First, he asserts that the piece of metal could have been there before he moved into the cell, but courts are not required to weigh the evidence, "but [are] only [to] determine whether the prison disciplinary board's decision…has some factual basis." *McPherson*, 188 F.3d at 786; *see also Ping v. McBride*, 888 F. Supp. 917, 922 (7th Cir. 1993) (stating that in a prison disciplinary case, it is not the proper function of the court "to reweigh conflicting evidence and to make credibility determinations"). Second, Mr. Hernandez asserts that he could not access the vent from his cell, but the Conduct Report states otherwise, [Filing No. 10-1 (Conduct Report stating that "[t]he weapon was in the vent area and could still be accessed from within cell G-116")], and the Court will not discount that evidence in favor of Mr. Hernandez's claim that he could not access the vent. Third, Mr. Hernandez argues that two people cannot both possess the same item, but the definition of "Possession" in the IDOC Disciplinary Code for Adult Offenders does not preclude two individuals from possessing the

6

same item provided that the definition is met.  The definition of "Possession" includes items that were within Mr. Hernandez's control by virtue of being located in a ventilation unit that the Conduct Report reflects was accessible from Mr. Hernandez's cell.  [Filing No. 10-1; Filing No. 10-9 at 6.]

In short, some evidence supported the DHO's finding of guilt and Mr. Hernandez's arguments to the contrary do not provide a basis for relief.

## IV.
### CONCLUSION

"The touchstone of due process is protection of the individual against arbitrary action of the government."  *Wolff*, 418 U.S. at 558.  There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Hernandez to the relief he seeks. Accordingly, Mr. Hernandez's Petition for a Writ of Habeas Corpus, [1], is **DENIED** and the action **DISMISSED**.  Judgment consistent with this Order shall now issue.

Dated:  December 13, 2024

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via U.S. Mail to:**

Ralph Hernandez
#988362
Wabash Valley Correctional Facility
6908 S. Old U.S. Hwy. 41
Carlisle, IN 47838